## WILLARD PHILLIPS, Judge, &c. *vs.* EDWARD BLAKE, Administrator.

If a creditor actually receives bank bills of his debtor, though he protests that he will not receive them unless the difference between their value and that of specie shall be allowed to him, and the debtor refuses to make, or to promise to make, such allowance, the creditor cannot maintain an action to recover the amount of such difference.

DEBT on a probate bond executed by the defendant's intestate, Jabez Hatch, as surety of Jabez Hatch, Jun., administrator of the estate of William Gallagher. The action was brought for the benefit of said Gallagher's heirs, who reside in Great Britain.

It appeared at the trial before *Wilde*, J. that by decrees of the former judge of probate for the county of Suffolk, the said Jabez Hatch, Jun. was ordered to pay to the heirs of said Gallagher certain sums of money, which, though the same were duly demanded, he neglected to pay. The defendant gave in evidence three receipts, signed by R. E. Manners, attorney of the said heirs, in which said attorney acknowledged that he had received

the amount aforesaid, at different times, " in current bank bills of the Boston banks." The last receipt contained this clause, viz. " a claim for the discount on said bills, and on bills receiv ed " when the former receipts were given, " being first made and left with said Blake, to be hereafter disposed of, he reserving every right belonging to the parties interested, and reprcsented by him, to oppose said claim."

The plaintiff was permitted to prove, the defendant objecting to the admission of the evidence, that before and at the time when said payments were made, the banks in Boston had suspended payment in specie ; that at the several times when the receipts were given, specie was at an advance of eight, nine, and ten per cent. , and that said Manners refused to receive any part of said bills unless the discount upon them for specie, or exchange on England, should be allowed him ; and that he made out, and left with the defendant, a claim for said discount, the amount thereof to be thereafter ascertained, as mentioned in said last receipt.

It appeared that said Manners did not demand specie at the banks on the bills so received by him of the defendant, and that he credited the heirs of Gallagher with the bills at the full amount, and remitted to them that amount in English bills of exchange, which he had received on his own account, and which he charged to said heirs at the market rate when he made the remittance.

The judge instructed the jury, that as this suit was for the. benefit of the heirs of Gallagher, the plaintiff's right to recover depended on the question whether said heirs had lost any thing by the mode of payment resorted to ; and that if they had so lost, the verdict should be for the plaintiff, for the amount of such loss ; reserving the question whether the plaintiff was entitled to recover at all, on the facts proved. The jury returned a verdict for the plaintiff for $ 197·12.

Judgment to be rendered on the verdict, or the plaintiff to be nonsuit, or a new trial to be granted, according to the opinion of the whole court.

*Blake, pro se.* Receipts are conclusive evidence of payment, except where a mistake is made. *Stackpole v. Arnold,* 11 Mass. 32. 1 Phil. Ev. 108, 4th Amer. ed. The bills were

received in this case, at their numerical par value, and no further sum can be demanded. *Edwards* v. *Morris*, 1 Ham. 524. See also *Hevener* v. *Kerr*, 1 South. 58. Bank bills are a tender, if not objected to and refused. *Hoyt* v. *Byrnes*, 2 Fairf 475. *Snow* v. *Perry*, 9 Pick. 539.

The attorney of the heirs should have demanded specie of the banks. *Non constat*, that he would not have obtained it. By retaining the bills, he deprived the defendant of the right to demand specie for them, and to recover penal damages if payment in specie had been refused. Rev. Sts. c. 36, § 29.

*Blair*, for the plaintiff, argued that by the fair construction of the receipts, the bills were received under an agreement that the defendant should pay the discount, when it should be ascertained. The receipts, on the face of them, give the parties a right to show, by parol evidence, what was the value of the bills received. *Johnson* v. *Johnson*, 11 Mass. 363. *Howe* v. *Mackay*, 5 Pick. 44. *Perry* v. *Coates*, 9 Mass. 537. *Jones* v *Fales*, 4 Mass. 252.

The testimony, as to the refusal of Manners to receive the bills unless the discount should be allowed, was properly admitted. 3 Dane Ab. 493.

SHAW, C. J. The question is, whether the facts found show a payment in full of the decrees of distribution. The facts show that the defendant offered payment in bank notes, which the attorney of the heirs refused to take in payment at *par*, but subsequently did take. The evidence shows satisfactorily, that there was no agreement between the parties, either on the part of Mr. Blake, to make good the discount, or on the part of Mr. Manners, to waive his claim to a discount, and receive the bills at *par*. On the contrary, each claimed to stand upon his legal rights, and each gave notice to the other, that he should do so. Under this mutual protest, the bills were paid and received. The question then is, independently of any agreement, what those legal rights are.

The general rule is, that if payment is made in bank bills, and accepted, it is a good payment. Bank notes are deemed money, and pass as such, unless objected to on that ground

and they are considered a good tender, unless specially objected to on that account. *Wright* v. *Reed*, 3 T. R. 554. If such tender is accepted, it is of course a payment. In the present case, the general effect of what passed was, that Mr. Blake offered and paid the bank notes as money, and refused to allow any discount. But Mr. Manners refused to accept them as money, but did accept them. Under these circumstances, the court are of opinion, that although he was not bound to accept bank notes as money, yet as they were offered as such, and on no other terms, and no agreement was made to allow a discount, and he accepted them, he must be deemed to have taken them upon the terms offered, as money. The act in such case is conclusive of his assent, and the protest unavailing.

But there are some other considerations, which lead to the same result. A bank note is evidence of a credit, at the bank, for a like sum of money, and a contract to pay it to the holder, in specie. The law presumes it will be paid on request, and it gives a penalty to the holder, for damages for non-payment, which is deemed sufficient to make the bank note equivalent to cash. The agent of the heirs, by receiving the bank notes, took upon himself the power and duty of collecting them, and took from the plaintiff that power. The condition of the parties was changed in this respect. The defendant, by retaining the bills, would have had a legal right to demand payment in specie, and, on failure, to commence an action and recover large damages for the detention ; and it may be presumed that he regarded this right, as making the bank notes equivalent to specie in value. This right was transferred to Mr. Manners, by the tender and acceptance.

It might admit of a serious question, whether it would be competent for the plaintiff, if, on other grounds, he could maintain this action, to recover the difference between the nominal value of the bank notes and their current value in market, in consequence of a suspension of specie payments, without showing an actual demand upon the bank, and refusal to pay in specie. No such suspension was authorized by law. The banks were at all times bound to pay their notes in specie at the nominal amount.

Reynolds *v.* Ocean Ins. Co.

on presentment at their bank, and not otherwise. And it is extremely questionable, when bank notes are paid and received, whether it can be averred that they would not have been paid on presentment, without presentment made. Until such presentment, there was no default, and the notes were not dishonored. But we have not thought it necessary to give an opinion upon this point, because we are all of opinion, that the bank notes being offered in payment at *par*, and not otherwise, the actual acceptance of them was an acceptance of them at their nominal *par* value, as tendered, and amounted to a payment.

*Verdict set aside, and plaintiff nonsuit.*